IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANET BANKS, | |
| Plaintiff, | 4:20CV3117 |
| vs. | |
| NICK HUGHES, in his individual and official capacity; SECURITY AND PROTECTION SERVICES INC; and WELLS FARGO BANK, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff, who claims she is 64 years of age with a disability, sues an employee of a security-guard company, the security-guard company, and a bank that contracts with the company to provide security services. Plaintiff claims that when she was preparing banking paperwork in the handicapped parking zone in front of the bank, security guard Nick Hughes approached Plaintiff, asked what she was doing there, and told Plaintiff she had been parked there too long. Plaintiff entered the bank to make a deposit, and when she returned to her vehicle, two police officers were standing by her vehicle. Plaintiff alleges that Hughes called the police and claimed he smelled marijuana coming from Plaintiff's vehicle. After seeing no signs of drug

activity, the officers left. Plaintiff claims that when she complained about this incident to a bank employee, the bank failed to take action.

Plaintiff alleges that she filed a complaint with the Nebraska Equal Opportunity Commission ("NEOC") on the grounds of disability and race discrimination, but the NEOC dismissed the complaint. Plaintiff brings an action under 42 U.S.C. § 1983 in this court for violation of her right to equal protection under the Fourteenth Amendment, for violation of the Ninth Amendment, and several state-law claims.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard

than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Section 1983 Claims

Claiming the violation of her right to equal protection under the Fourteenth Amendment and her rights under the Ninth Amendment, Plaintiff sues a private security guard, the company that employed him, and a bank that allegedly failed to act when its hired security guard called the police on Plaintiff under 42 U.S.C. § 1983.

Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Plaintiff has alleged no facts suggesting that the security guard's monitoring of parking in front of a business and calling for police services were

3

activities delegated to him by the state; that he willfully participated in joint activity with the state; or the existence of a "pervasive entwinement" between the security guard, his employer, and the bank for which he was hired to perform services. Because Plaintiff's Complaint lacks any allegations that the Defendants were acting under color of state law for purposes of section 1983, Plaintiff's section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted.[1] *See Wickersham*, 481 F.3d at 598 ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *Lally v. Crawford Cty. Tr. & Sav. Bank, Denison, Iowa*, 863 F.2d 612, 613 (8th Cir. 1988) (affirming dismissal of pro se § 1983 claim against bank and its employee for lack of state action when bank employee threatened to have plaintiff put in jail for violating criminal statutes); *Holloway v. Ameristar Casino St. Charles, Inc.*, No. 4:07 CV 218, 2010 WL 148441, at *10 (E.D. Mo. Jan. 12, 2010) ("For private security guards, the mere fact that their job may include the investigation of a crime does not transform their actions into state action. To become state actors, private security guards must be endowed with police powers that are plenary, and not simply police-like.") (internal citation omitted); *Harris v. Forest Park Hosp.*, No. 4:07CV965, 2007 WL 2908932, at *2 (E.D. Mo. Sept. 28, 2007) (dismissing § 1983 claim against hospital security officers under 28 U.S.C. § 1915(e)(2)(B) because "[w]hile private security guards who act jointly with the police may be considered to be state actors, *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 558-59 (8th Cir. 1989),

---

[1] Even if the Defendants were state actors, Plaintiff's Ninth Amendment claim would not survive. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., Amend. IX. However, the Ninth Amendment does not confer substantive rights in addition to those conferred by other portions of our governing law, *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991), so cannot form the basis for a § 1983 claim. *Henderson v. S & W Foreclosure Corp.*, No. 1:11CV169, 2012 WL 43505, at *2 (E.D. Mo. Jan. 9, 2012); *Albert v. Lee*, No. CV 04-1014, 2005 WL 8163277, at *19 n.17 (D. Minn. Mar. 3, 2005), *report and recommendation adopted,* No. CV 04-1014, 2005 WL 8163275 (D. Minn. Mar. 31, 2005).

4

plaintiff has alleged no facts indicating or suggesting that the Forest Park Hospital Security John Does were acting in such close coordination with the police so as to make them state actors.").

### B. State-Law Claims

Because Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (internal quotation marks and citation omitted), and the court finds no reason to make an exception here. Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted;

2. Judgment will be entered by separate document.

DATED this 19th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5